## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LAWRENCE LONGACRE,**

   **Plaintiff,**

**vs.**             **No. CIV 99-1209 LCS/KBM**

**PUBLIC EMPLOYEES RETIREMENT
ASSOCIATION OF NEW MEXICO, an
agency of the State of New Mexico, and
BERT TERRAZAS, ALICE HERTER,
TRACY HUGHES, CAROL BACA, and
LAURA HARPER, individually
and in their supervisory capacities,**

   **Defendants.**

### MEMORANDUM OPINION

  **THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment (Doc. 46), filed on August 28, 2000, and Plaintiff's Motion for Rule 56(f) Delay on Motion (Doc. 51), filed September 6, 2000 .  The Court, acting upon consent of the parties and designation pursuant 28 U.S.C. § 636, and having considered the submissions of the parties, relevant law, and being otherwise fully advised, finds that Defendants' Motion for Summary Judgment is well-taken and should be **GRANTED** and that Plaintiff's Motion for Rule 56(f) Delay on Motion should be **DENIED AS MOOT**.

**I.**  **Background.**

  The following facts are undisputed.  Plaintiff receives a survivor's annuity from the pension of his late spouse (Mrs. Longacre), who was a retired state employee.  Mrs. Longacre applied for Public Employees Retirement Association (PERA) benefits, effective August, 1992. (Def. Ex. A at 1.) Mrs. Longacre named her daughter, Victoria Longacre Gage, as beneficiary and co-annuitant and

selected Payment Option A. (Def. Ex. A at 2.) Payment Option A gave Mrs. Longacre a higher monthly benefit than the other payment options. However, unlike the other options, Option A did not include a survivor's annuity. Mrs. Longacre was married to Plaintiff at all relevant times. (Def. Ex. C.) In order for Mrs. Longacre's selection of Option A, and the appointment of her daughter as beneficiary, to be effective, Plaintiff's signature was required. (*Id.*) Plaintiff's signature was not obtained. (*Id.*)

Mrs. Longacre died on January 15, 1997. (Def. Ex. A at 2.) Mr. Longacre inquired as to his benefit status. (Def. Ex. A). PERA responded that Plaintiff was not entitled to a survivor's benefit. (*Id.*) On April 4, 1997, Plaintiff requested reconsideration through his attorney, Tracy Connor. (Def. Ex. A.) On reconsideration, PERA determined that Mrs. Longacre's selection of Payment Option A was ineffective due to the lack of Plaintiff's consent; that Mrs. Longacre had been eligible for retirement pension benefits only under Payment Option C due to the lack of Plaintiff's consent; that Plaintiff was the beneficiary as Mrs. Longacre's surviving spouse; and that Plaintiff was eligible for payment of a survivor's annuity benefit. (*Id.*) PERA further determined that the difference between the retirement pension benefit paid to Mrs. Longacre during her lifetime under Payment Option A, and the benefits that would have been paid to her under Payment Option C during her lifetime, would be recouped from the survivor benefits paid to Plaintiff. (Defs. Ex. A.) PERA in fact recouped the entire overpayment by offsetting Plaintiff's monthly check. (Terrazas Deposition, Ex. 22.)

PERA is authorized to recoup overpayments only for the one year period prior to the date the error or omission giving rise to the overpayment. *See* N.M. STAT. ANN. § 10-11-4.2(A). The amount recouped by PERA exceeded one year's worth of overpayments. (Defs. Ex. C at 1.) Longacre received an administrative decision that PERA's recovery of the retirement benefits must

be restricted only to those overpayments made for a period of up to one year prior to the date the error or omission was discovered. (Defs. Ex. A at 4.) At the administrative hearing, PERA unsuccessfully argued that N.M. STAT. ANN. §10-11-4.2(A) is unconstitutional. (Defs. Mem. Br. in Supp. of Mot. for Summ. J. at 7.) PERA appealed the administrative decision to the state district court. (*Id.*) The state district court held that the statute imposing the one-year limit is constitutional. (*Id.*) PERA has appealed to the New Mexico Court of Appeals, where a decision is presently pending. (*Id.*)

In his original Complaint for Damages and Other Affirmative Relief, Plaintiff asserted denial of substantive and procedural due process in violation of 42 U.S.C. § 1983, racketeering in violation of N.M. STAT. ANN. § 30-28-1, and another state law claim for negligent hiring and supervision. On December 20, 1999, Defendants' Motion to Dismiss the negligent hiring and supervision claim was granted. Plaintiff subsequently filed a motion to amend the original complaint to identify the two Doe Defendants as Carol Baca and Laura C. Harper, and to assert claims under the federal Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1961 *et seq.* On July 12, 2000, the motion to amend the complaint was denied with respect to Plaintiff's proposed RICO claim for failure to comply with the pleading requirements of FED. R. CIV. P. 9(b). (*See* Order of July 12, 2000, Doc. 35, at 5). Baca and Harper were substituted for the Doe defendants in the original Complaint by the Order of July 12, 2000. No other motion to amend the complaint has been filed.

In their Motion for Summary Judgment, Defendants contend that they are entitled to qualified immunity with respect to Plaintiff's 42 U.S.C. § 1983 due process claims, and that they are entitled to summary judgment on Plaintiff's federal RICO claim. However, the record indicates that Plaintiff did not allege a federal RICO claim in his original Complaint for Damages and Other Affirmative

Relief and that Plaintiff's motion to amend the complaint to assert a federal RICO was denied. Because no RICO claim is pending, Defendants' arguments concerning a federal RICO claim are not addressed.

In his Motion for Rule 56(f) Delay on Motion, Plaintiff requests that a ruling be delayed on all issues other than qualified immunity pending additional discovery.  Defendants are entitled to qualified immunity with respect to Plaintiff's only federal claim. Because the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim against Defendants, *see* 28 U.S.C. § 1367(c)(3), Defendants' other arguments are not at issue and will not be addressed herein.  Therefore, Plaintiff's Motion for Rule 56(f) Delay on Motion is moot.

## II.      Standard

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.*  When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party.  *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F. 3d 1321, 1326 (10th Cir. 1999).

## III.     Analysis

Defendants, all state government officials, assert that they are entitled to qualified immunity with respect to Plaintiff's 42 U.S.C. § 1983 due process claims.  A government official is entitled to qualified immunity from civil damages when his or her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982). In evaluating a claim of qualified immunity, the first question is whether the plaintiff has asserted a violation of a constitutional or statutory right, the second question is whether that right "was clearly established such that a reasonable person in the defendant's position would have known that her conduct violated the right." *See Garramone v. Romo*, 94 F. 3d 1446, 1449 (10th Cir.1996) (*citing Siegert v. Gilley*, 500 U.S. 226, 231 (1991)).

Summary judgment motions involving a qualified immunity defense are determined somewhat differently than other summary judgment motions. *See Romero v. Fay*, 45 F. 3d 1472, 1475 (10th Cir.1995). When a defendant raises qualified immunity on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test. *Nelson v. McMullen*, 207 F. 3d 1202, 1206 (10th Cir. 2000). First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999). Second, the plaintiff must show that the constitutional or statutory right the defendant allegedly violated was clearly established at the time of the conduct at issue. *See id.; Albright v. Rodriguez*, 51 F. 3d 1531, 1534-35 (10th Cir.1995). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Oliver v. Woods*, 209 F. 3d 1179, 1185 (10th Cir. 2000). If, and only if, the plaintiff establishes both elements of the test does a defendant then bear the traditional burden of showing "that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Albright*, 51 F. 3d at 1535.

Plaintiff contends that Defendants recovered the overpayments without pre-recovery process or hearing and then, once the funds were recovered, retained them without appropriate post-deprivation process. Liberally construed, Plaintiff presents a procedural due process claim for alleged

deprivation of property without procedural due process, and a substantive due process claim that once it recovered the money, Defendants retained it without legal basis.

After Defendants raised qualified immunity on summary judgment, the burden shifted to the Plaintiff to demonstrate both that he has alleged the deprivation of an actual constitutional right and that the constitutional right in question was clearly established at the time. *See Wilson v. Layne*, 526 U.S. at 609; *Albright*, 51 F. 3d at 1534-35. Plaintiff has failed to establish an actual constitutional right with respect to the overpayments.

Plaintiffs' section 1983 claim rests on the Due Process Clause of the Fourteenth Amendment, which states: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to state a claim under the Due Process Clause, a plaintiff must first establish that he possessed a "property interest" that is deserving of constitutional protection. *See Gilbert v. Homar*, 520 U.S. 924, 928 (1997). "Property interests ... are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules and understandings that stem from an independent source such as state law ... that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *accord Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985); *Driggins v. City of Oklahoma City*, 954 F.2d 1511, 1513 (10th Cir.1992).

In order to possess a property interest in a benefit, an individual must have more than "an abstract need or desire for it" or "a unilateral expectation of it." Rather, he must possess "a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. For instance, in *Goldberg v. Kelly*, 397 U.S. 254 (1970), the Supreme Court held that welfare recipients had a claim of entitlement to welfare payments that was grounded in the statute defining eligibility for them. In contrast, Plaintiff has failed to

identify any legal basis that would give rise to a property interest in the overpayments. *Compare Cassidy v. Adams*, 872 F. 2d 729, 732 (6th Cir. 1989) (no due process right attached to overpayment of benefits) *with Aacen v. San Juan County Sheriff's Dep't*, 944 F. 2d 691, 694 (10th Cir.1991) (deprivations of state entitlements must satisfy due process requirements).

Moreover, any procedural due process to which Plaintiff was entitled was provided by the post-deprivation administrative hearing. The procedural due process guarantees pertaining to property are satisfied when an adequate, state post-deprivation remedy exists for deprivations occasioned by state employees. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Where the loss is the "result of a random and unauthorized act by a state employee," the requirements of procedural due process are satisfied by a post-deprivation hearing at which there is a meaningful opportunity to determine respective rights and liabilities. *Parratt v. Taylor*, 451 U.S. 527, 538-39, (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 341 327, 328,662 (1986). Plaintiff received a post-deprivation hearing and a favorable ruling from the Public Employees Retirement Board. (Def. Ex. A; B.) The administrative decision was affirmed by the state district court, and is currently pending in the New Mexico Court of Appeals. Plaintiff has failed to establish an actual constitutional right to any additional process.

Plaintiff argues that *Parratt* and *Hudson* do not apply because the deprivation was not random and unauthorized. An adequate post-deprivation remedy is a defense to a § 1983 due process claim only where the deprivation is unpredictable, or random and unauthorized. *See Zinermon v. Burch*, 494 U.S. 113, 136-38 (1990). Where the deprivation was undertaken pursuant to an affirmatively established or de facto policy, procedure, or custom, the state has the power to control the deprivation and, in the absence of compelling reasons to the contrary, must give the plaintiff a pre-

7

deprivation hearing.  *See id.*  In this case, however, Plaintiff has failed to establish the existence of a de facto policy, procedure, or custom that the state has the power to control.  Nothing in the record before the Court indicates the existence of a systemic policy to disregard the one-year limitation of N.M. STAT. ANN. §10-11-4.2(A).  Therefore, *Parratt* and *Hudson* are applicable and Plaintiff has failed to establish an actual constitutional right to any additional process.

Similarly, Plaintiff has failed to allege deprivation of an actual substantive due process right. The substantive component of the due process clause protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'"  *See Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).  In *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), the Supreme Court clarified the substantive due process standard of culpability for an officer involved in a police pursuit.  The Court held that "in a high-speed automobile chase aimed at apprehending a suspected offender ... only a purpose to cause harm unrelated to the legitimate object of arrest" is sufficiently "shocking to the conscience" to establish a due process violation.

In order to prevail on a substantive due process claim, the plaintiff must demonstrate that the defendant acted in a manner that shocks the conscience.  *See County of Sacramento v. Lewis*, 523 U.S. at 847; *Uhlrig v. Harder*, 64 F.3d 567, 573-74 (10th Cir.1995).  In recouping and retaining of the overpayment of retirement benefits, Defendants did not act in a manner that shocks the conscience.  On the record before the Court, Plaintiff has presented no evidence that Defendants acted in a manner that would shock the conscience.  Moreover, any property that was allegedly wrongfully taken was restored by the decision of the Public Employees Retirement Board.  Plaintiff cannot now complain that the state has deprived him of property in violation of due process.  *See Archuleta v. Colorado Dept. of Inst.*,  936 F.3d 483, 489 (10th Cir. 1991).  Plaintiff has failed to

8

allege a deprivation of an actual substantive due process right.

After Defendants raised qualified immunity on summary judgment, the burden shifted to the Plaintiff to demonstrate that he has alleged the deprivation of an actual constitutional right.  *See Wilson v. Layne*, 526 U.S. at 609; *Albright*, 51 F. 3d at 1534-35.  This he failed to do.  Consequently, Defendants are entitled to qualified immunity with respect to Plaintiff's claims under 42 U.S.C. § 1983.

Jurisdiction in this action was based solely on 28 U.S.C. § 1331 (federal question). The only federal question was Plaintiff's claim under 42 U.S.C. § 1983. As this case was at a relatively early stage of pretrial development, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim against Defendants.  *See* 28 U.S.C. § 1367(c)(3); *Gold v. Local 7 United Food and Commercial Workers Union,* 159 F. 3d 1307, 1301 (10th Cir. 1999).  Therefore, Plaintiff's supplemental racketeering claim against Defendants shall be dismissed without prejudice.

## IV.    Conclusion.

Upon review of the evidence presented on this Motion for Summary Judgment, the Court has determined that Defendants are entitled to qualified immunity with respect to Plaintiff's claims under 42 U.S.C. § 1983.  Defendants' Motion for Summary Judgment (Doc. 46), filed on August 28, 2000, shall be **GRANTED.**  Plaintiff's remaining state law claim shall be dismissed without prejudice. Plaintiff's Motion for Rule 56(f) Delay on Motion shall be **DENIED AS MOOT.**

**AN ORDER CONSISTENT WITH THIS OPINION SHALL ISSUE.**

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**